http://www.va.gov/vetapp16/Files5/1641942.txt

Citation Nr: 1641942 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 05-38 129 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York

THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities prior to March 5, 2014. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. Wulff, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the United States Navy from February 1978 to February 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2005 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. Jurisdiction over the matter was subsequently transferred to the RO in New York, New York. 

In the January 2005 rating decision, the RO, in relevant part, granted service connection for degenerative disc disease of L4-5 and assigned a 10 percent evaluation effective from September 28, 2004. In April 2009, the Board denied an evaluation in excess of 10 percent for degenerative disc disease of L4-5 and granted a separate 10 percent evaluation for associated radiculopathy of the left lower extremity effective from January 7, 2008. The Board remanded the issue of entitlement to an initial compensable rating in excess of 10 percent for left lower radiculopathy after January 7, 2008, as well as the issue of initial compensable rating for radiculopathy of the right lower extremity for further development. In August 2012, the Board once again remanded the issues of entitlement to increased ratings for radiculopathy of the left and right lower extremities for further development. 

In May 2013, the Board granted a separate 10 percent evaluation for radiculopathy of the right lower extremity, and granted a 20 percent evaluation for radiculopathy of the left lower extremity effective from January 7, 2008. The Board also determined that the issue of entitlement to a TDIU was raised by the record, as part of the Veteran's claims for increased ratings for radiculopathy of the left and right lower extremities, pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board remanded the matter for further development. 

During the course of the remand, the Veteran filed VA Forms 21-8940 in April 2014, May 2014, and June 2014. The RO subsequently denied entitlement to a TDIU in October 2014. 

In May 2015, the Board again remanded the issue of entitlement to a TDIU on an extraschedular basis, so that the matter could be referred to the Director of Compensation Service for consideration. In August 2015, the Director issued an opinion denying entitlement to a TDIU on an extraschedular basis. Subsequently, in a September 2015 rating decision, the RO granted entitlement to TDIU on a schedular basis effective from March 5, 2014. The case has since been returned to the Board for appellate review. 

In June 2007, the Veteran presented testimony at a hearing before a Veterans Law Judge who is no longer employed by the Board. In May 2011, July 2011, and June 2012, the Board sent letters to the Veteran's last known address informing him of this fact and of his options for another hearing. Although these letters were returned to the Board as undeliverable, a copy of each letter was also sent to the Veteran's representative. In addition, the August 2012 and May 2013 decisions noted that the Board presumed the Veteran did not want an additional hearing. Moreover, to date, neither the Veteran nor his representative has requested such a hearing. Therefore, the Board will proceed with his appeal. 

This appeal was processed using the Virtual VA and the Veterans Benefits Management System (VBMS) electronic claims processing systems. Virtual VA contains VA medical records dated from November 2008 to June 2015 and VA examinations dated in March 2015. The remaining records are either duplicative of the documents in VBMS or not relevant to the issue on appeal. 

The Board notes that additional evidence was associated with VBMS after the most recent Supplemental Statement of the Case (SSOC). However, in September 2016, the Veteran submitted a waiver of initial consideration by the Agency of Original Jurisdiction (AOJ). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

Although the Board regrets the additional delay, remand is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 

The Board notes that records from the Social Security Administration (SSA) have been associated with the claims file; however, the records appear incomplete. In this regard, a December 2008 memorandum submitted by the Veteran's representative for his SSA benefits claim referenced decisions that are not currently of record. In particular, the memorandum discussed a September 2006 notice of decision and a November 2007 appeal. Moreover, the memorandum noted that the Veteran testified at numerous SSA hearings. However, no such records are associated with the claims file. Therefore, the AOJ should attempt to obtain the Veteran's complete SSA records, including any administrative determinations and any underlying medical records. See Hayes v. Brown, 9 Vet. App. 67, 74 (1996) (VA is required to obtain evidence from the SSA, including decisions by the administrative law judge); Murincsak v. Derwinski, 2 Vet. App. 363 (1992).

After obtaining any additional SSA records, the RO should again refer the Veteran's claim to the VA Director of Compensation Service for consideration based on a complete record, to include the Veteran's vocational rehabilitation records, which were associated with the Veteran's claims file after the Director issued his August 2015 determination. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain any outstanding SSA records, to include any decision to grant or deny SSA benefits to the Veteran and the records upon which that decision was based and associate them with the claims file. The AOJ should also request a copy of any SSA hearing transcripts. 

It is noted that the AOJ obtained records from the SSA in October 2014; however, the claims file does not contain a complete copy of the decisions to grant or deny benefits, to include decisions dated in October 2003 and September 2006. 

If the search for such records has negative results, the claims file should be properly documented as to the unavailability of those records. 

2. After completing the foregoing development, the AOJ should refer the issue of TDIU to the VA Director of Compensation Service for supplemental consideration of the assignment of a total rating based on individual unemployability due to service-connected disabilities on an extraschedular basis under the provisions of 38 C.F.R. § 4.16(b) for the period prior to March 5, 2014.

3. After completing the above actions and any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefit sought is not granted, the Veteran should be furnished an SSOC and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
ANTHONY C. SCIRÉ, JR.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).